Good morning, Your Honor. Good morning. May it please the Court, my name is Jixian Li on behalf of the petitioner. In this case, the BIA assumed the petitioner to be credible. Nevertheless, the BIA agreed with the idea that the petitioner has failed to carry his burden of proof, showing that he is eligible for asylum. In so doing, the BIA claimed that the corroborating evidence submitted by the petitioner is either unreliable or insufficient. Even if the BIA were reasonable in expecting petitioner to present additional corroborating evidence, the BIA has not complied with the law. The law is clear in this area. Well, I thought at the time of the proceedings before the immigration judge, our case law, REN, and the later case, Z, had not yet been decided. Is that correct? Yes, Your Honor. But the statute existed. That's right, Your Honor. So what you're asking for is a remand to the board or to the agency so that they can comply with the requirements? Yes, Your Honor. That's what I'm asking. First of all, I would argue that the evidence, the corroborating evidence in the record combined with petitioner's credible testimony would help him to carry his burden of proof. You think that the record is sufficient as it is for him to meet his burden? That's right, Your Honor. That's our first argument. If the court is inclined to agree with the BIA, finding the BIA is reasonable to expect additional corroborating evidence, then petitioner will ask the court to remand this case to the BIA for the BIA to comply with REN as well. But if we agree with you that under our case law, a remand is necessary because there was no notice and opportunity to provide the necessary corroborating evidence, do we need to reach the merits at all? I guess the law is clear. It's well established that when the court reviewing the BIA's decision considers only the grounds relied by the BIA because the BIA, in this case, I understand the government probably is going to ask the remand is unnecessary because there's no past prosecution. But in this case, the BIA predicated its conclusion upon the reason there's an insufficient or unreliable or insufficient corroboration, which is relied by the evidence in the record. I'm not sure that I understand the answer to my question. If we decide, and I'm not saying that we're going to go there, but if we decide to remand because there was inadequate notice or opportunity to provide corroborating evidence, then we don't need to reach the question of whether the evidence in this case demonstrates the other resistance to population control policies that would be necessary for relief on the claims. Yes, Your Honor. Yeah, I would definitely agree. So if we were to remand, have you assembled evidence that you would present, or is the petitioner able to get corroborating evidence? I would believe so. If the petitioner is unable to corroborate the material aspect of his claim, he will still need to be given an opportunity to explain why he cannot present the requested documentary evidence. Well, my question is to what has been done so far pending this appeal. Has he made any effort to obtain corroborating evidence? No, Your Honor. Is he still in the country? Yes, Your Honor. Is he in custody? No, Your Honor. And so the petitioner's position is to ask the court to remand this case for the BIA to comply with the reign as well as Z. And if the court agrees with the petitioner on that, then the petitioner will rest his case and reserve the remainder of time for a possible rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the court. My name is Kose Igemori and I represent the United States Attorney General in this case. This petition for review should be denied because the evidence does not compel the conclusion that petitioner suffered. Wasn't there an error of law here? No, Your Honor. Why isn't there an error of law? Well, if I understand your question correctly, you're referring to the corroboration finding. Yes. Well, that decision, it's not necessary to reach that decision because of the alternative finding by the board that there has not been any harm alleged that rises to the level of past or future persecution. With respect to the corroboration issue, to answer Your Honor's question, that issue has not been exhausted. He never contested notice. And furthermore, it's not absolutely clear that Wren would apply in a case such as this. Well, you raised a number of points there. I don't know where you want to take it. Well, the government would like to focus the court on what is dispositive of this case. Let me clarify one preliminary matter. There was no adverse credibility determination here. Is that correct? Yes, that's correct, Your Honor. So we take his testimony as credible? Yes. We accept his testimony as true. And what he has alleged is that his wife was sterilized without her knowledge and, furthermore, that he was fined 10,000 RMBs. However, that's not sufficient to compel a finding of past persecution. As this court stated in Ming Shi He v. Holder and decided in 2014, a forced abortion and a forced sterilization in addition to a 40,000 RMB fine of which the alien in that case could not pay and had to go into hiding for 12 years. Isn't this case a little bit closer to, was it, Jing? Nguyen Duong, Your Honor? No, not he, but Jing. No, Your Honor. This case, the petitioner has not alleged any harm that rises to the level of persecution, Your Honor. He has alleged some harm, harm against his wife and also a fine. You think he's made a sufficient showing of resistance? Well, the resistance is not a, is not the part of the case that's dispositive, Your Honor. It's a harm. It's just a question of has he alleged a sufficient level of harm, and he just has not, Your Honor. So the question about other resistance might be an issue in other cases, but it's just not the case in here, an issue in this case, Your Honor. And as far as the corroboration finding is concerned. Could we assume that the government doesn't really dispute other resistance? Well, it's the government's position that there was no other resistance in this case, but to focus the bench on what is dispositive of the case is that he just has not alleged a case, a harm that rises to the level of future persecution or past persecution. As even the immigration judge observed, he's not even afraid of any harm upon return to China. His wife has already been sterilized. He has already paid the fine of 10,000 RMBs. He has not alleged any. You can correct me if I'm wrong, but when I read I.J.'s decision, he identified a number of items of evidence that he would like to have seen as corroborating Mr. Cao's sort of story about what happened. Is that correct? That is correct, Your Honor, and that is a separate finding. So in addition to the harm not rising to the level of persecution,  that is that he has not submitted sufficient corroborating evidence to meet his burden of proof. The board also affirmed on that alternative ground, but again, what is dispositive? This additional evidence that I.J. pointed to could be sufficient for his case to rise to the level, at least according to the government, of sufficient harm? No, Your Honor. So even accepting all the corroborating evidence or corroborating evidence that he would have submitted, he just has not alleged a harm that rises to the level of persecution. Again, he has asserted that his wife had undergone an unwanted sterilization procedure and also that he was fined 10,000 RMBs. But those two facts alone does not compel a finding of past persecution, as evidenced by this court's decision in Ming-Chi He and countless other cases, mostly unpublished. But Ming-Chi He is published. In that case, there was a forced abortion and a forced sterilization. The alien had married and underage in violation of the family planning policy and concealed his marriage. He was fined 40,000 RMBs, of which he could not even pay half, and he had to go into hiding for 12 years or so. And this court found that that did not rise to the level of persecution. It was harm, but it was not the kind of harm that our asylum and withholding laws protect, Your Honor. You said he paid the fine. Were there two fines in this or just the one? For this case, there's only one fine, Your Honor. It was one fine that Petitioner mentioned at the end of his testimony for 10,000 RMBs. And he's paid that? He has paid that, and he has not testified to any economic persecution. He hasn't given any details about how this imposition of this fine or the payment of the fine was onerous or deprived him of the essentials of life, which would be the standard for economic persecution. Well, you indicated earlier in your argument that even if we assume that he's able to provide additional evidence, it still wouldn't be enough to rise to the level of persecution or other resistance that's required. How do we know what additional evidence he might be able to come up with that might change that equation? Well, the question is, what has he alleged? The corroborating evidence is there to support his burden of proof. But what he has alleged in this case is harm to his wife and the 10,000 RMB fine. No matter how much he corroborates those two harms, there's no way he can establish past persecution, at least compellingly. He also testified that he found it very – he was extremely resentful about the fact that they sterilized his wife. Yes, Your Honor. And that prevented him from having any other children. That is true. Why doesn't that count? It does count, Your Honor, but does it – Not enough, huh? Well, the question is, does it compel a finding of past persecution? And as this Court stated or held in Ming Shi He v. Holder in 2014, even a forced abortion and a forced sterilization, in addition to a 40,000 RMB fine, did not compel a finding of past persecution. So certainly in this case, where a petitioner has undoubtedly suffered some harm but has been fined a lesser amount, of which he was able to pay and he provided no testimony about how this imposition of the fine deprived him of the essentials of life, this case cannot compel a conclusion in the petitioner's favor, Your Honor. I'm sorry. So in terms of the first round of corroborating the allegations, is it your position that the Board did not err in failing to give him an opportunity to increase his documentation and testimony? Yes, Your Honor. At the time of the Board's decision, it was still unclear whether Wren's procedural framework was dicta or holding. So the government does not concede any error in this case. The Board found that petitioner did not corroborate his claim. That is supported by substantial evidence, and petitioner has not exhausted any claim that he had not had sufficient notice of the corroborating evidence that was necessary to meet his burden of proof. So although that's a separate and alternative defensible dispositive ground for denying this petition for review, again, the government would like to focus on the lowest hanging fruit, which is that he just simply has not alleged a viable claim for asylum and withholding of removal. He has not alleged any harm. He doesn't fear any harm. And what his case really is about is it seems as if his case is predicated on the prior law. That is, before the law changed, you know, you just had to show forced sterilization of the spouse in order to qualify automatically for asylum and withholding of removal. So in Z, there was also an argument that there was a waiver of the notice requirement. He's had a specifically argued waiver. But we said it wasn't unexhausted because he had argued essentially here about failure to comply with it. That is true, Your Honor. But the way in which the corroborating issue had been raised was presented in such a way that it necessarily subsumed the notice issue. And that's essentially what we have here. Not so, Your Honor. Why not? Well, first of all, the petitioner is very specific that he's arguing that he submitted sufficient corroboration, not any mention of notice. And furthermore, this case is distinguishable from the ordinary types of cases where rent is an issue, whereas you have a person who is assumed to be credible, and he fails to submit sufficient corroborating evidence that's reasonably available. Here, we really don't have that. What we have is somebody who is assumed credible, and he has submitted corroborating evidence, but that evidence is undermined by other evidence in the record. So it's not absolutely clear that rent would apply in this situation. But the IJ was pretty clear that he wanted other evidence, and he specifically pointed to what he didn't present. That much is true, but there was also other evidence, particularly the floating population certificate, which contradicted his claim that he was fined 10,000 RMVs in this case. So it's not just that he didn't submit enough evidence. It's that the evidence he submitted contradicted some of his claims, and so this case might not implicate rent at all. But regardless, the dispositive issue in this case is that petitioner just has not alleged a prima facie case for eligibility for asylum and withholding of removal. And for that reason alone, this petition for review should be denied.   Thank you, counsel. Your Honor, just as I mentioned that the BIA, when the court reviewing the BIA's decision, the court looks at only the grounds read out by the BIA. In this case, the BIA never said that the commutatively petitioner experience would not rise to the level of persecution. The BIA has not ruled on that issue at all. If we look at the BIA's decision, the BIA only said, we are not persuaded that petitioner has demonstrated past persecution or a well-founded fear of future persecution on account of other resistance. So the BIA has never addressed the issue whether or not petitioner experience, taken into account in its totality, would rise to the level of past persecution. In this case, the BIA did say that I agree with the BIA that the petitioner cannot rely just on his wife's sterilization to qualify for asylum. And also, I agree with the BIA that the fine would not, by itself, would not qualify as economic persecution. But the BIA did not take into account the sterilization in combination with the fine. And also, in this case, there's other evidence of persecution that the BIA completely ignored. For example, the IUD. The record shows that the petitioner's wife was inserted with an IUD after the birth of her first child. And the BIA, in its own decision, has decided that the IUD is one of the factors to be taken into consideration in assessing the existence of past persecution because of its intrusive nature. And in this case, there's no mentioning, there's no discussion whatsoever about the IUD. So the BIA, when assessing whether or not there's a past persecution, just completely ignored the IUD factor in its consideration of overall, whether or not the petitioner's experience cumulatively rise to the level of persecution. So I would ask this court to remand this case for a reason. First, to comply with the rem versus holder. And secondly, to fully address the cumulative effect of all petitioner's mistreatments in China. And to make a decision, specific decision, whether or not the three factors that I just mentioned, the fine, the sterilization, in addition to the fine, the fine, the sterilization, and also the IUD, whether these three factors, considering their totality, would elevate petitioner's claim to the level of past persecution. Okay, thank you, Mr. Chen. Thank you. Don't go too far. I think you're up next again, so don't go too far. Okay. Tao is submitted at this time, and thank you for your arguments, counsel.
judges: Fisher, Paez, Nguyen